2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT, DISABLED,
UNLAWFULLY INCARCERATED
PRISONER & PLAINTIFF

MO-FJ-16
DATE: 6/14/05
TIME: 19:00

2005 JUN 20 A 9:40

# U. S. DISTRICT COURT

# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DUNCAN J. MCNEIL, III<br><br>PLAINTIFF<br><br>V.<br><br>UNITED STATES, AND IT'S OFFICERS AND AGENCIES;<br>CLERK - U.S. DISTRICT COURT - MD-AL ; CLERK - U.S. BANKRUPTCY COURT - MD-AL ; U.S. ATTORNEY - MD-AL; OFFICE OF U.S. TRUSTEE - MD-AL ; U.S. MARSHAL SERVICE - MD-AL; FBI-MD-AL; IRS - MD-AL; SECRET SERVICE - MD - AL; AND THEIR OFFICERS,<br><br>DEFENDANTS. | CASE NO. 2:05CV587-F<br><br>VERIFIED COMPLAINT FOR:<br>① TO COMPEL OFFICERS/ AGENCIES OF THE U.S. TO PERFORM DUTIES PURSUANT TO 28 U.S.C. § 1361;<br>② DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201;<br>③ FOR ENTRY OF JUDGMENTS GRANTING FULL FAITH & CREDIT PURSUANT TO U.S. CONST ART IV § 1 AND 28 U.S.C. § 1738;<br>④ FOR RELIEF FROM VOID JUDGMENTS AND ORDERS PER 28 U.S.C. § 1655 ;<br>⑤ FOR ENFORCEMENT OF JUDGMENTS AGAINST DEFENDANT PURSUANT TO FRCP 71, 69(a) & 70 ;<br>⑥ CORRECTION OF AGENCY RECORDS PURSUANT TO 5 U.S.C. § 552a(g) ;<br>⑦ FOR INJUNCTION PER FRCP 65 AND FOR APPOINTMENT OF A MASTER PER FRCP 53(b) ;<br>⑧ FOR DAMAGES, COSTS AND ATTORNEY FEES.<br>JURY TRIAL DEMANDED |

# I. JURISDICTION & VENUE

1.1. THIS COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. §1301.

1.2 VENUE IS PROPER IN THIS COURT AS ONE OR MORE OF THE DEFENDANTS AS GOVERNMENT OFFICERS OR AGENCIES RESIDES IN OR HAS IT'S OFFICE OF OPERATIONS IN THIS DISTRICT, AND ONE OR MORE OF THE ACTS COMPLAINED OF OCCURED IN THIS DISTRICT.

1.3. THAT PLAINTIFF IS AN "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123 (b)(3)(B), AS THE DISBURSING AGENT, LIQUIDATING TRUSTEE, AND GENERAL MANAGER OF RECRGANIZED DEBTOR BROADWAY BUILDINGS II L.P., PURSUANT TO ORDERS OF THE U.S. BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, CASE NO. LA 98-18 082, ENTERED 3/19/99 AND 6/16/99.

1.4 THAT PLAINTIFF IS A "QUALIFIED INDIVIDUAL" WITH AN

PG 2 OF 22

ESTABLISHED DISABILITY, ENTITLED
TO REASONABLE ACCOMMODATIONS FROM
THE DEFENDANTS, AND THIS COURT,
AND THE EQUAL PROTECTION CLAUSE
OF THE 14TH AMEND. OF THE U.S.
CONST.
    ,,5 THAT PLAINTIFF IS A RESIDEN
OF SPOKANE, WA, AND IS PRESENTLY
UNLAWFULLY INCARCERATED IN
SPOKANE COUNTY JAIL, IN VIOLATION OF
HIS CIVIC & CONSTITUTIONAL RIGHTS,
IN RETALIATION FOR HAVING ATTEMPTED
TO EXERCIZE HIS CONSTITUTIONALLY
PROTECTED RIGHTS.
    1.6 THAT THIS COURT FURTHER HAS
JURISDICTION IN THIS MATTER PURSUANT TO
28 U.S.C § 2201, U.S. CONST. ART IV § 1; 28
U.S.C. §1738, 28 U.S.C. § 1055, AND
5 U.S.C. § 552a (g).

PG 3 OF 22

PETITIONER & RESPONDENTS "DUTIES"

## II. PLAINTIFFS & DEFENDANTS "DUTIES"

2.1. THE PLAINTIFF IS THE LAWFUL OWNER, OWNER AND TRUSTEE, AS TO THE FOLLOWING "FOREIGN JUDGMENTS" REGISTERED IN THE FOLLOWING ACTIONS:

(a) UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. MC-02, FILED 3/21/02;

(b) UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. 04-427, FILED 5/16/02;

(c) UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WASHINGTON, CASE NO. 02-103, FILED 10/17/02;

(d) UNITED STATES DISTRICT COURT FOR DISTRICT OF IDAHO, CASE NO. MC-05114, FILED 12/27/00; AND

(e) SPOKANE COUNTY SUPERIOR COURT CASE NO. 02-2-02825-4, FILED 5/7/02; WITH ALL OR THE FOREGOING COLLECTIVELY BEING HEREINAFTER REFERRED TO AS "FOREIGN JUDGMENTS".

2.2. THAT THE PLAINTIFFS AND THE DEFENDANTS EACH ACQUIRED CERTAIN DUTIES PURSUANT TO THE "FOREIGN JUDGMENTS

PG 4 OF 22

203. THAT BASED UPON THE "FOREIGN JUDGMENTS" ON 1/30/01 IN CASE NO. CS-97-435-BHW, A "STIPULATED ORDER RE: LIABILITY AND DAMAGES" WAS ENTERED (HEREINAFTER "ATTACHED EXECUTION")

204. THAT THE ATTACHED MONEY JUDGMENT IS HEREINAFTER REFERRED TO AS "ATTACHED EXECUTION".

205. THAT DEFENDANTS HAVE A CONSTITUTIONAL DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY, TO GRANT FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", PURSUANT TO U.S. CONST. ART IV § 1.

206 THAT DEFENDANTS HAVE A STATUATORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY, TO GRANT FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", PURSUANT TO 28 U.S.C. § 1738.

207 THAT THE DEFENDANTS HAVE A STATUATORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY, TO ~~EXECUTE AND ENFORCE~~ ISSUE EXECUTION AND ENFORCEMENT AS TO THE "FOREIGN JUDGMENTS" AND THE

"ATTACHED EXECUTION" PURSUANT TO FRCP RULE 69.

2.8 THAT THE DEFENDANTS HAVE A STATUTORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY, TO ENFORCE THE REIMPOSED AUTOMATIC STAY, ESTABLISHED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION" PURSUANT TO 11 U.S.C § 362

2.9 THAT THE DEFENDANTS HAVE A STATUTORY DUTY, AS A MINISTERIAL NON-DISCRETIONARY DUTY TO ENFORCE THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", PURSUANT TO 11 U.S.C § 524 AND 11 U.S.C § 1141.

2.10 THAT THE DEFENDANTS HAVE OTHER CONSTITUTIONAL, STATUTORY, REGULATORY DUTIES, AS MINISTERIAL NON-DISCRETIONARY DUTIES AS TO THE ENFORCEMENT AND EXECUTION OF THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION", AS PROVIDED BY LAW.

2.11 THAT THE DEFENDANTS HAVE BREACHED THEIR DUTIES AND

PG 6 OF 22

OBLIGATIONS AS TO THE "FOREIGN
JUDGMENTS" AND THE "ATTACHED
EXECUTION".

2012 THAT PURSUANT TO
WAC 446-20-050(1)(b), RCW 10.97,
WAC 446-20, AND 5 U.S.C. § 552a,
THE DEFENDANTS HAVE A
STATUTORY DUTY TO ~~CREATE~~ CREATE
MAINTAIN, CORRECT AND DISSEMINATE
ACCURATE RECORDS AS TO THE
PLAINTIFF, THE "FOREIGN JUDGMENTS"
AND THE "ATTACHED EXECUTION".

2013 THAT THE DEFENDANTS
HAVE BREACHED THEIR DUTY TO
CREATE, MAINTAIN, CORRECT AND
DISSEMINATE ACCURATE RECORDS,
AS TO THE PLAINTIFF, THE
"FOREIGN JUDGMENTS" AND THE
"ATTACHED EXECUTION", IN
VIOLATION OF RCW 10.97, WAC
446-20 AND 5 U.S.C. § 552a.

2014 THAT THE DEFENDANTS
HAVE FAILED: (a) TO MAKE DISCLOSURES
TO THE PLAINTIFF AS MANDATED BY
THE FOIA, (b) GRANT THE PLAINTIFF
ACCESS TO THE COURTS, OR AGENCY
ADJUDICATIVE PROCEEDINGS; (c) GRANT

1   THE PLAINTIFF REASONABLE
2   ACCOMMODATIONS, FOR AN ESTABLISHED
3   DISABILITY; ④ GRANT PLAINTIFF
4   FREEDOM FROM UNLAWFUL SEARCH,
5   AND SEIZURES OF PROPERTY &
6   PLAINTIFF; ⑤ CEASE AND DESIST
7   FROM UNLAWFULLY INTERFERRING
8   WITH PLAINTIFF'S LIBERTY; AND ⑥
9   PROTECT THE PLAINTIFF FROM VIOLATIONS
10  OF HIS OTHER CIVIC & CONSTITUTIONAL
11  RIGHTS.
12       2.15 THE DEFENDANTS HAVE
13  FAILED AND REFUSED TO PAY TO
14  PLAINTIFF THE LIQUIDATED
15  DAMAGES OR LIQUIDATED COMPENSATION
16  AS ESTABLISHED BY THE "FOREIGN
17  JUDGMENTS" AND THE "ATTACHED
18  EXECUTION".
19       2.16 THE DEFENDANTS HAVE
20  FAILED AND REFUSED TO SURRENDER
21  OR TURN OVER REAL AND PERSONAL
22  PROPERTY VESTED IN PLAINTIFF, BY THE
23  "FOREIGN JUDGMENTS" AND THE
24  "ATTACHED EXECUTION".
25
26
27
28

## III CLAIMS

3.1 THE "DUTIES" THAT THE DEFENDANT HAVE TO THE PLAINTIFF ARE CLEAR AND INDISPUTABLE.

3.2 THE DEFENDANT'S VIOLATIONS OF THEIR "DUTIES" TO THE PLAINTIFF CONSTITUTE CLEAR CONSTITUTIONAL OR STATUTORY VIOLATIONS,

3.3. THE DEFENDANTS OWE TO THE PLAINTIFF PERFORMANCE OF THEIR "DUTIES" WHICH ARE CLEAR, MINISTERIAL AND NON-DISCRETIONARY "DUTIES".

3.4 THE DEFENDANT'S "DUTIES" TO PLAINTIFF ARE SPECIFIC, PLAIN, SIMPLE, MINISTERIAL ACTS, DEVOID OF THE EXERCIZE OF DISCRETION OR JUDGMENT, WITH PERFORMANCE SO POSITIVELY COMMANDED AND PLAINLEY PRESCRIBED THAT THE DEFENDANT'S "DUTIES" AND OBLIGATIONS ARE FREE FROM DOUBT.

3.5. THE DEFENDANT'S "DUTIES" TO THE PLAINTIFF ARE STRICTLY REQUIRED BY THE CONSTITUTION, STATUTE OR COURT RULE.

3.6 THE DEFENDANT'S "DUTIES" THAT THE PLAINTIFF SEEKS TO COMPEL ARE THE PERFORMANCE OF MINISTERIAL "DUTIES" COMPLYING WITH THEIR OWN AGENCY'S RULES & REGULATIONS.

3.7. THE DEFENDANT'S FAILURE TO FULFILL THEIR "DUTIES" TO THE PLAINTIFF PLACES THE DEFENDANTS IN CLEAR VIOLATION OF AND A FAILURE TO COMPLY WITH THEIR OWN RULES, REGULATIONS AND PROCEDURES GOVERNING THEIR CONDUCT.

3.8. THE PLAINTIFF SEEKS THE PERFORMANCE OF CONSTITUTIONAL "DUTIES" OWED TO PLAINTIFF BY DEFENDANTS.

3.9. THE DEFENDANTS HAVE FAILED TO COMPLY WITH SPECIFIC CONSTITUTIONAL, STATUTORY OR REGULATORY DIRECTION, VIOLATING A CONSTITUTIONAL MANDATE.

3.10. THE DEFENDANTS HAVE ACTED IN EXCESS OF THEIR AUTHORITY AGAINST PLAINTIFF OR THEIR AUTHORITY HAS BEEN EXERCIZED IN AN UNCONSTITUTIONAL MANNER.

3.11. THE DEFENDANTS HAVE ACTED BEYOUND THE SCOPE OF STATUTORY OR CONSTITUTIONAL AUTHORITY IN HARMING PLAINTIFF.

3.12 THE DEFENDANTS IN ACTING AGAINST THE PLAINTIFF HAVE VIOLATED AND EXPRESSED MANDATE BY STATUTE OR LAW, THEREBY ACTING OUTSIDE THE ZONE OF PERMISSABLE DISCRETION,

IN A "CLEAR ABSENCE OF ALL JURISDICTION".

3.13. THE DEFENDANTS HAVE OTHERWISE ABUSED THEIR DISCRETION AND ACTED CONTRARY TO LAW.

3.14. THE DEFENDANTS HAVE FAILED AND REFUSED TO MEET CERTAIN STATUATORY & REGULATORY OBLIGATIONS TO COMBAT DISCRIMINATION AND RETALIATION AGAINST THE PLAINTIFF.

3.15. THE DEFENDANT'S OFFICIAL PRIOR ACTS AND ACTIONS AGAINST THE PLAINTIFF, CONSTITUTE AN UNLAWFUL EXERCIZE OF THEIR POWERS AND ARE THEREFORE CONSTITUTIONALLY VOID.

3.16. THE ACTS AND "DUTIES" SOUGHT TO BE COMPELLED BY THE DEFENDANTS ARE "MINISTERIAL ACTS" WHICH THE LAW PRESCRIBES AND DEFINES AS MANDATORY "DUTIES" TO BE PERFORMED WITH SUCH PRECISION AS TO LEAVE NOTHING TO THE EXERCIZE OF DISCRETION.

3.17. THE DEFENDANT'S PRIOR CONDUCT EXTENDS BEYOUND ANY RATIONAL EXERCIZE OF

1  ALLOWABLE DISCRETION, THAT
2  ~~EVEN IF~~ THEY ARE "VOID" AND
3  UNLAWFUL EVEN IF FOUND TO BE
4  WITHIN THE "LETTER" OF THE AUTHORITY
5  GRANTED TO THE DEFENDANTS.
6      3.18 THE PLAINTIFF HAS
7  PREVIOUSLY FULLY EXHAUSTED BOTH
8  ADMINISTRATIVE AND JUDICIAL
9  REMEDIES AGAINST DEFENDANTS,
10 AND IS LEFT WITH NO ALTERNATIVE
11 ADEQUATE REMEDY AT LAW, THAN
12 THIS ACTION FOR MANDAMUS.
13     3.19. THE PLAINTIFF HAS A
14 CLEAR AND UNDISPUTED RIGHT TO
15 THE RELIEF SOUGHT, AND THE
16 DEFENDANTS HAVE A CLEAR
17 CONSTITUTIONAL, STATUTORY OR
18 REGULATORY DUTY TO PERFORM
19 THE ACTS ~~DE~~ AND "DUTIES"
20 DEMANDED.
21     3.20. THE PLAINTIFF, IN
22 SEEKING TO PREVIOUSLY COMPEL THE
23 DEFENDANTS ~~HAS BEEN~~ ~~SUBJECTED~~ TO
24 PERFORM THEIR DUTIES HAS BEEN
25 ~~SO~~ UNLAWFULLY SUBJECTED TO:
26     (a) A DENIAL OF ACCESS TO THE
27 COURTS, LAW LIBRARY AND LEGAL
28 RESOURCES ;

PG 12 OF 22

(b) DENIAL OF DUE PROCESS, NOTICE AND MEANINGFULL OPPORTUNITY TO BE HEARD;

(c) A CONSPIRACY BY DEFENDANTS TO CONCEAL OR COVER UP THE PLAINTIFFS UNLAWFULL, ARRESTS, DETENTIONS, INCARCERATION OR PROSECUTIONS, AND INVALID CRIMINAL CONVICTIONS, ALL IN RETALIATION BY THE DEFENDANTS, IN RESPONSE TO THE PLAINTIFFS EXERCIZE OF HIS CONSTITUTIONAL RIGHTS;

(d) KNOWING AND INTENTIONAL DISCRIMINATION AND RETALIATION AGAINST PLAINTIFF BY DEFENDANTS;

(e) A FALSIFICATION OF THE PLAINTIFFS CRIMINAL HISTORY AND FALSIFICATION OF AGENCY RECORDS, AS TO PLAINTIFF, RESULTING IN MULTIPLE ADVERSE AGENCY OR JUDICIAL DETERMINATIONS AGAINST PLAINTIFF;

(f) MULTIPLE CONTINUOUS AND ONGOING UNLAWFUL SEIZURES OF PROPERTY, PERSON, ALONG WITH VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS OF PLAINTIFF.

3.21 THE EQUITABLE AND PROCEDURAL STATUS AND POSTURE OF THIS CASE DEMONSTRATES THE NEED FOR PROMPT MANDAMUS, AS TO THESE ISSUES OF GREAT PUBLIC IMPORTANCE.

3.22 THAT THE PLAINTIFF IS CURRENTLY SUFFERING A "CONTINUING VIOLATION" OF HIS CONSTITUTIONAL RIGHTS BY THE DEFENDANTS, CONSTITUTING "IRREPARABLE INJURY", ~~SEE~~ WARRANTING IMMEDIATE INJUNCTIVE AND MANDAMUS RELIEF. (SEE WALTERS V. THOMPSON, 615 F. SUPP 330, AT 341 (1985), CITING TO WRIGHT & MILLER, FED, PRACTICE & PROCEDURE § 2948 AT 440, AND ELROD V. BURNS, 427 U.S. 347, AT 373 (1976).

PC

# IV. PRAYER

4.1 THE PLAINTIFF PRAYS FOR A DECLARATORY JUDGMENT DECLARING THE DEFENDANTS DUTIES AND OBLIGATIONS AS TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION". ①

4.2 THE PLAINTIFF PRAYS FOR A WRIT OF MANDAMUS AND INJUNCTION COMPELLING THE DEFENDANTS TO PERFORM THEIR DUTIES AND OBLIGATIONS IMPOSED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION". ①

4.3 THE PLAINTIFF PRAYS FOR A WRIT OF PROHIBITION, INJUNCTION PROHIBITING THE DEFENDANTS FROM ENGAGING IN ACTS CONTRARY TO OR IN VIOLATION OF THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION". ①

4.4 THE PLAINTIFF PRAYS FOR THE ISSUANCE OF EXECUTION AND ENFORCEMENT, UPON THE EXPARTE DEMAND OF THE PLAINTIFF, BY THE DEFENDANTS.

4.5 THE PLAINTIFF PRAYS FOR AN ORDER COMMANDING THE DEFENDANTS TO PAY ~~TH~~ TO, COLLECT OR TURN OVER TO THE

PG 15 OF 22

① INCLUDING THE CORRECTION, MODIFICATION, PURGING & EXPUNGING OF ALL AGENCY RECORDS RELATED TO THE FOREIGN JUDGMENTS, AND THE "ATTACHED EXECUTION" PURSUANT TO 5 U.S.C. § 552a, RCW 10.87 AND WAC 446-20

PLAINTIFF THE LIQUIDATED DAMAGES, COMPENSATION, REAL & PERSONAL PROPERTY AS ESTABLISHED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION".

4.6 PLAINTIFF PRAYS FOR COSTS OF SUIT, ATTORNEY FEES, ACTUAL DAMAGES, PUNITIVE DAMAGES, PURSUANT TO 11 U.S.C. § 362 (h), ① AND OTHER PROVISIONS OF LAW.

DATED: 6/14/05

INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISONER & PLAINTIFF

<u>VERIFICATION OF COMPLAINT</u>

I, DUNCAN T. MCNEIL, III, HEREBY DECLARE THAT ALL STATEMENTS, AVERMENTS OR CLAIMS MADE IN THE HEREIN COMPLAINT ARE MADE IN GOOD FAITH, AND ARE TRUE AND CORRECT UNDER THE PENALTY OR PERJURY, PURSUANT TO THE LAWS OF THE UNITED STATES.

DATED: 6/14/05

PG 16 OF 22

AO 451 (Rev. 11/91)   Certification of Judgment

# United States District Court

Eastern _____ DISTRICT OF _____ Washington

Duncan J. McNeil

V.

David Baker, et al

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

Case Number:   CS-97-435-RHW

I, _____ **James R. Larsen** _____ , Clerk of the United States district court

certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

_____ MAR 15 2002 _____ , as it appears in the records of this court, and that
_____
Date

*no notice of appeal from this judgment has been filed, amd no motion of any kind
listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

_____ MAR 15 2002 _____

Date

**James R. Larsen**

Clerk

_C. Kenney_

(By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ... "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

1  Carlos Valero, WSBA#29192
   Law Offices of Carlos Valero
2  715 E. Sprague Ave, Suite 204
   Spokane, WA  99202-2142
3  Telephone  509-462-0000
   Facsimile 509-462-0007
4  Attorney for Counter-Claimants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 3 0 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

5

6

7

8  **UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF WASHINGTON**

9

10  DUNCAN J. McNEIL,                      ) Case No. CS-97-435-RHW
                                           )
11       **Plaintiff,**                    ) **STIPULATED ORDER RE:**
    v.                                     ) **LIABILITY AND DAMAGES**
12                                         )
    DAVID BAKER, et. al.,                  )
13                                         )
         **Defendants.**                   )
14  _____        )
                                           )
15  CITIZENS AGAINST BANKRUPTCY &          ) Hearing Date: September 27, 2000
    REAL ESTATE FRAUD L.P; et. al. ,       ) Hearing Time: 1:00 p.m.
16                                         )
         **Employers and Counter-Claimants,** )
17  vs.                                    )
                                           )
18  JOHN T. POWERS, et. al.,               )
                                           )
19       **Counter-Defendants.**           )
                                           )
20  _____        )

Attest A True Copy
James R. Larsen Clerk
United States District Court
Eastern District of Washington

By _____
        Deputy Clerk

21      Plaintiff Duncan J. McNeil ("Plaintiff") and Counter Claimants CITIZENS

22  AGAINST BANKRUPTCY & REAL ESTATE FRAUD LIMITED

23  PARTNERSHIP ("CITIZENS AGAINST"); BROADWAY BUILDINGS II L.P.

    ("BROADWAY"); CAPITAL FINANCE L.P. ("CAPITAL"); and EMERALD
24
    SERVICES GROUP ("EMERALD"), (hereinafter collectively referred to as

RECEIVED
SEP 2 6 2000
CLERK, U.S. DISTRICT COURT
SPOKANE, WASHINGTON

    "Counter-Claimants") hereby stipulate to the entry of a "Stipulated Order Re:

    Liability and Damages" in support of a "Stipulated Final Judgment on Less Than

28  All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All

Stipulated Order Re: Liability and Damages - Page 1

(567)

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max

1  Claims", entered concurrently herewith:

2  <u>**STIPULATED FACTS**</u>

3      Plaintiff and Counter-Claimants hereby stipulate to the following facts:

4      1.  Counter-Claimants and Plaintiff hereby admit as true the factual

5  allegations contained in paragraphs 1 to 148 of the Plaintiff's First Amended

6  Complaint, filed in this action on July 30, 1999 as Ct. Rec #115.

7      2.  That at all times since May of 1996, Plaintiff was employed by Counter-

8  Claimants and is owed agreed compensation for the services performed by Plaintiff,

9  in the total amount of $309,610.00, see discussion *infra*.  That since June of 1996,

10  Plaintiff has performed valuable services for Counter-Claimants related to the

11  preservation and implementation of the JV/Loan Agreement and the confirmation

12  and implementation of Broadway's Confirmed Plan of Reorganization.  That

13  Plaintiff has no ownership interests in Counter-Claimants and is not an officer,

14  director, stockholder or equity holder of Counter-Claimants.  Plaintiff is and at all

15  times was, a retained independent consultant, performing valuable services for

16  Counter-Claimants, at the request and instruction of Counter-Claimants, for the

17  benefit of Counter-Claimants.

18      3. Were it not for Plaintiff's services, completed at the request and instruction

19  of the Counter-Claimants, Counter-Claimants would not have been able to preserve

20  and protect their interests in the JV/Loan Agreement and would not have been able

21  to obtain the confirmation and implementation of Broadway's Confirmed Plan of

22  Reorganization.

23      4.  In May of 1996 and since that date, Counter-Claimants, through corporate

24  resolutions, court orders and other authorizations and instruction, have employed

25  Plaintiff and instructed Plaintiff to take all necessary action to: (1) investigate,

26  preserve and protect Counter-Claimant's claims against third parties; (2) preserve,

27  protect and implement Counter-Claimant's interests in the JV/Loan Agreement; (3)

28  obtain the confirmation and implementation of Broadway's Confirmed Plan of

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max

1  Reorganization; (4) formulate and implement a plan of reorganization for GMFT

2  Reorganization Corporation; (5) cause the unauthorized and forged deed wrongfully

3  encumbering the BROADWAY PROPERTY to be stricken and expunged; (6) cause

4  the unlawful Lis Pendens wrongfully encumbering the ANTLER PROPERTY to be

5  stricken and expunged; and (7) to take any and all other action necessary to preserve

6  and protect the Counter-Claimants business interests from the wrongful and

7  unlawful conduct of Third Parties. (See paragraphs 1 to 148 as alleged in Plaintiff's

8  First Amended Complaint.)

9      5.  Were it not for the wrongful actions of Third Parties, Plaintiff would not

10  have had to perform the services described in paragraph #4, above. Were it not for

11  the wrongful actions of Third Parties, Counter-Claimants would not have incurred

12  the herein obligation owed to Plaintiff. Were it not for the wrongful actions of

13  Third Parties, Counter-Claimants would owe the Plaintiff no amount of unpaid

14  compensation.

15      6.  That pursuant to the course of conduct, written partnership agreements,

16  written employment agreements, and Broadway's Confirmed Plan of

17  Reorganization, Plaintiff is entitled to recover reasonable compensation from

18  Counter-Claimants, in the sum of at least $30/hr., plus expenses, for all services

19  which were requested and performed since June of 1996, as established herein.

20      7.  Due to the wrongful actions of Third Parties, Counter-Claimants have been

21  unable to pay to Plaintiff reasonable compensation, for the valuable services that

22  Plaintiff has performed since June of 1996. Were is not for the wrongful actions of

23  Third Parties, the Counter-Claimants and related parties, Plaintiff would not have

24  been required to performed the services for Counter-Claimants, as described in

25  paragraph 4.

26      8.  Having completed satisfactory discovery and in order to avoid further

27  litigation expense and costs, Plaintiff and Counter-Claimants hereby stipulate that

28  Counter-Claimants are, jointly and severally indebted to Plaintiff as follows:

a.   For the time period of June of 1996 to March of 1999, Plaintiff has claimed reasonable compensation in the amount of $129,021.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $120,000, for this time period, plus pre-judgment interest of 12% per annum, from November 1, 1997 on this amount, for a total sum of $162,600.00, for this period, due as of October 1, 2000;

b.   For the time period of March 1999 to March 2000, Plaintiff has claimed reasonable compensation in the amount of $94,114.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $90,000, for this time period, plus pre-judgment interest of 12% per annum, from September 1, 1999 on this amount, for a total sum of $101,880.00, for this period, due as of October 1, 2000;

c.   For the time period of March 2000 to October 1, 2000, Plaintiff has claimed reasonable compensation in the amount of $55,029.00. To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $52,000, for this time period, plus pre-judgment interest of 12% per annum, from May 1, 2000 on this amount, for a total sum of $54,652.00, for this period, due as of October 1, 2000;

d.   That Plaintiff is entitled to reasonable compensation for services to be performed after October 1, 2000, in the sum of $6,450.00 per month, plus actual expenses, and interest at the rate of 12% per annum, until the successful implementation of the JV/Loan Agreement and the implementation of Broadway's Confirmed Plan of Reorganization. Said amount to be set by subsequent stipulated order of this court.

9. Based upon the foregoing, Plaintiff and Counter-Claimants stipulate that

Stipulated Order Re: Liability and Damages - Page 4

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max

Counter-Claimants are jointly and severally obligated and liable to Plaintiff in the sum of $319,132.00, for valuable services rendered from the time period of June of 1996 to October 1, 2000. Plaintiff and Counter-Claimants stipulate that said sum shall accrue post-judgment interest at the rate of 12% per annum, until paid in full.

10. That Plaintiff and Counter-Claimants stipulate that Plaintiff is the prevailing party in this action, as to Counter-Claimants and that Plaintiff is entitled to an award of his attorney fees and costs in bringing this action. Said amount to be set by subsequent order of this court.

## ORDER OF THE COURT

**IT IS HEREBY ORDERED** that the foregoing "Stipulated Order Re: Liability and Damages" in support of a "Stipulated Final Judgment on Less Than All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All Claims", is entered in favor of Plaintiff and against Counter-Claimants, jointly and severally.

**IT IS FURTHER ORDERED**, that the District Court Executive is directed to enter this "Stipulated Order Re: Liability and Damages" and to provide copies to counsel and Plaintiff.

Dated: _10/30/00_

_____
ROBERT H. WHALEY
United States District Judge

**So Stipulated:**

Dated: September 26, 2000

_____
Duncan J. McNeil, Plaintiff

Dated: September 26, 2000

_____
Carlos Valero, WSBA#29192
Law Offices of Carlos Valero
Attorney for Counter-Claimants

Entered in Civil Docket on _1/30/01_

Stipulated Order Re: Liability and Damages - Page 5

PG 22 OF 22

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max