IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DUNCAN J. MCNEIL, III                  *

    Plaintiff,                         *

       v.                        *  CIVIL ACTION NO. 2:05-CV-587-F
                                                WO
UNITED STATES, AND ITS          *
OFFICERS AND AGENCIES, *et al.*,
                                   *

    Defendants.

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 20, 2005, Duncan McNeil, an inmate incarcerated in the Spokane County Jail located in Spokane, Washington, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

DISCUSSION

Court records establish that Plaintiff, while incarcerated, has on more than three occasions had 42 U.S.C. § 1983 cases dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit. The cases on which the court relies in finding a violation of § 1915(g) include, but are not limited to: (1) *McNeil v. Spokane County Jail, et al.*, Civil Action No. 04-371-AAM (E.D. Wa. 2004); (2) *McNeil v. Gregoire, et al.*, Civil Action No. 04-372-AAM (E.D. Wa. 2004); (3) *McNeil v. Miller, et al.*, Civil Action No. 04-378-AAM (E.D. Wa. 2004); (4) *McNeil v. Tighe, et al.*, Civil Action No. 04-379-AAM (E.D. Wa. 2004); (5) *McNeil v. Williams, et al.*, Civil Action No. 04-380-AAM (E.D. Wa. 2004). Although the preceding list is not exhaustive of the cases summarily dismissed by the United States District Court for the Eastern District of Washington or the other federal courts of the United States, it is representative of those cases filed by Plaintiff which were dismissed in accordance with the directives of 28 U.S.C. § 1915.[2]

In the instant complaint, Plaintiff's claims before this court does not allege nor in any way indicate that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for

---

[2] As the court in *McNeil v. Spokane County Jail, et al.*, Civil Action No. 04-371-AAM noted, "plaintiff has [also] been found to be a 'vexatious litigant'" in the United States Bankruptcy Court for the Central District of California and the Spokane County Superior Court.

Plaintiff's failure to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original).

## CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on June 20, 2005 (Doc. No. 2) is DENIED.

It is further

ORDERED that Plaintiff's Motion for Electronic Filing Access to Court and for a Waiver of PACER and Electronic Filing Fees, Motion for Appointment of Counsel, and Motion for Service of Summons and Complaint by the Clerk and U.S. Marshal (Doc. No. 2), ARE DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 6, 2005. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE