DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE WA, 99205
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
CIVIL DETAINEE AND
PLAINTIFF

MO FJM-030
DATE: 7/29/05
TIME: 19:00
FJ-16

RECEIVED
2005 AUG -4 A 9:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

05-587

# U.S. DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DUNCAN J. MCNEIL, III<br>INDIGENT DISABLED UNLAWFULLY INCARCERATED CIVIL DETAINEE AND PLAINTIFF AND JUDGMENT CREDITOR<br>v.<br>UNITED STATES, AND IT'S OFFICERS AND AGENCIES: CLERK, U.S. DISTRICT COURT-MD-AL; CLERK, U.S. BANKRUPTCY COURT-MD-AL; US. ATTORNEY-MD-AL; OFFICE OF U.S. TRUSTEE-MD-AL; U.S. MARSHAL SERVICE-MD-AL; FBI-MD-AL; IRS-MD-AL; SECRET SERVICE-MD-AL; AND ALL JUDGMENT DEBTORS UNDER THE "FOREIGN JUDGMENTS", RESIDING OR DOING BUSINESS IN THIS DISTRICT, FICTIOUSLY NAMED AS DOE 1 TO DOE 500,<br>DEFENDANTS AND JUDGMENT DEBTORS<br>"MD-AL" = "MIDDLE DISTRICT OF ALABAMA" | CASE NO.:<br>FIRST AMENDED VERIFIED COMPLAINT FOR:<br>(1) COMMON LAW SUPPLEMENTAL BILL IN AID OF "FOREIGN JUDGMENTS";<br>(2) FOR CORRECTION OF AGENCY RECORDS AS TO PLAINTIFF AND THE "FOREIGN JUDGMENTS" PURSUANT TO 5 U.S.C. § 552a(g);<br>(3) FOR PROHIBITIVE AND MANDATORY INJUNCTIONS PER FRCP 65, ALONG WITH DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201;<br>(4) FOR APPOINTMENT OF A MASTER, PER FRCP 53(b), AT THE COSTS OF THE JUDGMENT DEBTORS;<br>(5) FOR ACTUAL DAMAGES, PUNITIVE DAMAGES, TREBLE DAMAGES ATTORNEY FEES AND COSTS PER 11 U.S.C. § 362(h), 5 U.S.C. § 552a AND OTHER PROVISIONS OF LAW. |

JURY TRIAL DEMANDED

I. JURISDICTION, VENUE AND PARTIES

1.01 THIS ACTION IS A COMMON LAW ACTION, AS A SUPPLEMENTAL BILL IN THE AID OF THE EXECUTION AND ENFORCEMENT OF THE HEREIN IDENTIFIED "FOREIGN JUDGMENTS, IN THIS JUDICIAL DISTRICT.

1.02 THAT THE TERM "FOREIGN JUDGMENTS" SHALL HEREINAFTER REFER TO THE FINAL JUDGMENTS PLED IN THIS ACTION AT ¶¶ 2.1, AND AS LISTED AND DESCRIBED ON EX. 1 AND EX. 2, ATTACHED HERETO AND MADE A PART HEREOF.

1.03 THAT PLAINTIFF IS A RESIDENT OF SPOKANE, WA, EASTERN DISTRICT OF WASHINGTON JUDICIAL DISTRICT, AND IS PRESENTLY UNLAWFULLY INCARCERATED AS A "CIVIL DETAINEE" IN DIRECT RETALIATION AND RETRIBUTION FOR HIS LAWFUL ACTS AND COURT APPOINTED DUTIES TO OBTAIN EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS".

1.04 THE PLAINTIFF HAS COMMITTED NO CRIME AND HAS NOT BEEN LAWFULLY SENTANCED ON A VALID CRIMINAL CONVICTION. AS A "CIVIL DETAINEE" THE PLAINTIFF IS NOT A "PRISIONER" AS DEFINED BY 28 U.S.C. §1915, AND IS

THERE FORE NOT SUBJECT TO THE "THREE STRIKES" PROVISIONS OF 28 U.S.C. §1915(g).

1.05 PLAINTIFF IS PRESENTLY UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, RESULTING DIRECTLY FROM THE DEFENDANT'S ACTS OF RETALIATION AND RETRIBUTION, AS A RESULT OF AND TAKEN TO INTERFERE WITH THE PLAINTIFF'S LAWFUL ACTS OF EXECUTION AND ENFORCEMENT OF THE FOREIGN JUDGMENTS.

1.06 THE PLAINTIFF'S IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, DUE TO THE DEFENDANT'S ACTS OF RETALIATION AND RETRIBUTION, INCLUDE BUT ARE NOT LIMITED TO:

A. DEFENDANT'S INTENTIONAL INDIFFERENCE TO THE PLAINTIFF'S HEALTH SAFETY AND WELFARE, BY THE WITHHOLDING OF REQUIRED MEDICATIONS, MEDICAL CARE AND MEDICAL TREATMENT;

B. DEFENDANT'S VIOLATION OF THE PLAINTIFF'S 1ST, 8TH & 14TH AMEND. RIGHTS BY DETAINING PLAINTIFF IN 24/7 LOCKDOWN, WITHOUT ADEQUATE ACCESS TO EXERCIZE, PHONES, COURTS, LAW LIBRARY, COPIER, RELIGIOUS COUNSELING, MENTAL

HEALTH COUNSELING, MEDICAL TREATMENT OR OTHER REQUIRED OR NECESSARY SERVICES;

C. DEFENDANT'S HOUSING OF THE PLAINTIFF (A MIMINUM SECURITY CLASIFIED INMATE WITH A "-1" SCORE[1] ON THE WASPC OBJECTIVE JAIL CLASSIFICATION ASSESSMENT) IN MEDIUM AND MAXIMUM HOUSING, AT GREAT RISK TO THE PLAINTIFF, RESULTING IN AT LEAST ONE PRIOR VIOLENT ASSAULT, AND 3 OR MORE ATTACKS OR THREATHENED ATTACKS BY HIGH RISK INMATES, AGAINST THE PLAINTIFF, PLACING PLAINTIFF'S SAFETY AT A ON GOING AND CONTINUAL RISK.

1.07 ONE OR MORE OF THE DEFENDANTS AND JUDGMENT DEBTORS IS A RESIDENT OF THIS JUDICIAL DISTRICT OR HAS PROPERTY, SUBJECT TO THE "FOREIGN JUDGMENTS" IN THIS JUDICIAL DISTRICT OR DOES BUSINESS IN THIS JUDICIAL DISTRICT, SO DIVERSITY EXISTS.

1.08 THAT THE DEFENDANTS AND JUDGMENT DEBTORS HAVE UNLAWFULLY SEIZED THE PLAINTIFF'S OFFICE, RESIDENCE

---

[1] PLAINTIFF IS A "-1" SCORE ON A SCALE OF 0 TO 31, THE LOWEST POSSIBLE SCORE AND CLASSIFICATION.

BUSINESS RECORDS, LEGAL RECORDS AND FINANCIAL RECORDS, IN VIOLATION OF THE PLAINTIFF'S 1ST, 4TH, 5TH, 6TH & 14TH AMEND. RIGHTS AND AS A RESULT THERE OF THE NON-FEDERAL AGENCY JUDGMENT DEBTORS, SUBJECT TO THE FOREIGN JUDGMENTS, RESIDING IN THIS JUDICIAL DISTRICT, ARE FICTIOUSLY NAMED IN THIS ACTION AS DOE 1 TO DOE 500. UPON THE RECOVERY OF THE PLAINTIFF'S RECORDS AND UPON THIS COURT'S ENTRY OF JUDGMENTS IN THIS DISTRICT, GRANTING FULL FATH AND CREDIT TO THE "FOREIGN JUDGMENTS" THE PLAINTIFF WILL SEEK TO AMEND THIS ACTION, OR WILL INITIATE FURTHER SUPPLEMENTAL PROCEEDINGS ON THE JUDGMENTS OF THIS COURT, NAMING SPECIFIC JUDGMENT DEBTORS AND SPECIFIC PROPERTY, LOCATED WITHIN THIS DISTRICT, SUBJECT TO ATTACHMENT, EXECUTION OR ENFORCEMENT OF THE "FOREIGN JUDGMENTS"

1.09 THIS COURT HAS FURTHER JURISDICTION OVER THIS COMMON LAW ACTION IN THE AID OF THE "FOREION JUDGMENTS" PURSUANT TO THE FEDERAL QUESTION STATUTE, 28 U.S.C. § 1331. THE FEDERAL QUESTIONS IN THIS ACTION, INCLUDE BUT ARE NOT LIMITED TO:

1.10. THE REGISTRATION AND GRANTING OF FULL FAITH AND CREDIT AS TO THE "FOREIGN JUDGMENTS" IN THIS COURT AND IN THIS JUDICIAL DISTRICT, PURSUANT TO 28 U.S.C. § 1963, 28 U.S.C. § 1738, U.S. CONST. ART IV § 1, AND OTHER FEDERAL LAWS;

1.11 THE ENFORCEMENT OF LIENS OR CLAIMS ARISING FROM THE "FOREIGN JUDGMENTS" AS TO REAL OR PERSONAL PROPERTY WITHIN THIS DISTRICT, PURSUANT TO 28 U.S.C. § 1655 AND OTHER FEDERAL LAWS;

1.12 THE ENFORCEMENT OF THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362, IN THIS DISTRICT, PURSUANT TO THE TERMS OF THE "FOREIGN JUDGMENTS";

1.13 THE ENFORCEMENT OF THE DISCHARGE AND DISCHARGE INJUNCTION, PURSUANT TO 11 U.S.C. § 524 AND 11 U.S.C. § 1141, IN THIS DISTRICT, PURSUANT TO THE TERMS OF THE "FOREIGN JUDGMENTS";

1.14 THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS", IN THIS DISTRICT, PURSUANT TO FRCP 58(a)(1), 69(a), 70 & 71, AND OTHER FEDERAL LAWS;

1.15 THE ENFORCEMENT OF

THE PLAINTIFFS RIGHTS UNDER THE 1ST, 4TH, 5TH, 6TH, 8TH & 14TH AMEND, OF THE U.S. CONST, AS TO THE DEFENDANTS AND THE JUDGMENT DEBTORS;

~~1.16 THE DUTIES OF THE FEDERAL~~ AGENCY DEFENDANTS TO MAINTAIN, COLLECT AND DISTRIBUTE ACCURATE AGENCY RECORDS AS TO THE PLAINTIFF AND THE "~~JUDGMENT~~ "FOREIGN JUDGMENTS", PURSUANT TO 5 U.S.C. § 552a, AND OTHER PROVISIONS OF LAW.

1.17 THAT THE PLAINTIFF IS THE LAWFUL OWNER ~~OF THE~~ AND TRUSTEE, AS TO THE RIGHTS AND PROPERTY VESTED BY THE "FOREIGN JUDGMENTS" AND BY THIS COMMON LAW ACTION, AND SUPPLEMENTAL BILL IN THE AID OF THE "FOREIGN JUDGMENTS", INVOKES THE JURISDICTION AND POWER OF THIS COURT TO ENFORCE AND CARRY INTO EFFECT THE "FOREIGN JUDGMENTS", WHERE IT IS WELL SETTLED THAT THIS COURT OF EQUITY, CAN CARRY INTO EFFECT THE "FOREIGN JUDGMENTS", WHICH ARE FINAL JUDGMENTS, WHICH REMAIN UNREVERSED, WHERE THE SUBJECT MATTER OF THIS ACTION IS THE SAME AS THE

SUBJECT MATTER OF THE PROCEEDINGS FROM WHICH THE "FOREIGN JUDGMENTS" AROSE, AS THE "FOREIGN JUDGMENTS" ARE IRREVERSIBLE, UNREVIEWABLE AND UNIMPEACHABLE DECREES, ORDERS AND EXECUTIONS, WITH FINALTY ENTITLED TO FULL FAITH AND CREDIT IN THIS COURT AND IN THIS DISTRICT.

II. PLAINTIFF & DEFENDANT'S "DUTIES"

THE PLAINTIFF INCORPORATES HEREIN ALL STATEMENTS, FACTS AND AVERMENTS MADE IN ¶¶2; AND ALL SUB-PARAGRAPHS THERETO, IN PLAINTIFF'S ORIGINAL COMPLAINT IN THIS ACTION.

III. CLAIMS

THE PLAINTIFF INCORPORATES HEREIN ALL STATEMENTS, FACTS AND AVERMENTS MADE IN ¶¶3, AND ALL SUB-PARAGRAPHS THERETO, IN PLAINTIFF'S ORIGINAL COMPLAINT IN THIS ACTION.

IV. PRAYER

THE PLAINTIFF INCORPORATES HEREIN ALL STATEMENTS, FACTS, AND PRAYERS AND RELIEF REQUESTED IN ¶¶4 (¶¶4.1 TO ¶4.6) OF THE PLAINTIFF'S ORIGINAL COMPLAINT.

4.7 THE PLAINTIFF PRAYS FOR AN ORDER OF THIS COURT COMMANDING

THE CLERK OF THIS COURT TO OBTAIN CERTIFIED COPIES OF THE "FOREIGN JUDGMENTS" LISTED ON EX. 2, FOR FILING, REGISTRATION, AND THE GRANTING OF FULL FAITH AND CREDIT, WITH EXECUTION AND ENFORCEMENT THEREON, IN THIS COURT, IN THIS JUDICIAL DISTRICT.

4.8 PLAINTIFF PRAYS FOR ISSUANCE OF TRO/OSC, WITHOUT NOTICE AND A PRELIMINARILY INJUNCTION AFTER SERVICE, NOTICE AND A HEARING TO ENFORCE THE TERMS OF THE "FOREIGN JUDGMENTS" AND TO ENJOIN ANY FURTHER VIOLATIONS OF THE "FOREIGN JUDGMENTS" AND THE PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS, ALONG WITH THE APPOINTMENT OF A MASTER TO ENFORCE AND EXECUTE THE "FOREIGN JUDGMENTS", AT THE COSTS OF THE JUDGMENT DEBTORS, PURSUANT TO FRCP 53(b) AND 65.

DATED: 7/29/05

[signature]
PLAINTIFF

VERIFICATION

I, DUNCAN T. McNEIL, III, HEREBY DECLARE THAT ALL STATEMENTS, FACTS OR AVERMENTS OR CLAIMS MADE HEREIN ARE MADE IN GOOD FAITH, ARE NON-FRIVOLOUS AND ARE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY PURSUANT TO THE LAWS OF THE U.S.

DATED: 7/29/05

[signature]
PLAINTIFF

EXHIBIT "1"

PLAINTIFF INCORPORATES HEREIN THE "CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT" ATTACHED TO PLAINTIFF'S ORIGINAL COMPLAINT IN THIS ACTION, AS PAGES 17 OF 22 TO 22 OF 22, AS THROUGH FULLY SET FORTH HEREIN.

"FOREIGN JUDGMENTS"
EXHIBIT "2"

a. NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

b. "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

c. ~~"Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan",~~ (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

d. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

e. "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

f. "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No. AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

g. "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No. CS-97-435-RHW, USDC-ED-WA;

h. Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4;

i. Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4;

j. Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4;

k. Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4;

l. Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4.

m. ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, <u>incorporating therein</u> "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;

n. BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

o. ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

p. NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q. EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

r. EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract, effective 8-17-01 between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11, USBC-ED-WA;

s. PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01; RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99 with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

t. PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512, Case No. 01-06073-W11, USBC-ED-WA;

u. (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5 of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29), filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

v. DECREE OF DISSOLUTION; entered 12/8/03 in Spokane County Superior Court Case 02-302795-2, except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.