

RECEIVED
IN THE UNITED STATES COURT OF APPEALS

2006 JUN 23  A 10: 09 FOR THE ELEVENTH CIRCUIT

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 2 0 2006

THOMAS K. KAHN
CLERK

No. 06-12856-C

Dist. Ct. Docket No. 05-00587-CV-2-F

IN RE:

DUNCAN J. MCNEIL,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Alabama

**BEFORE:** ANDERSON and BIRCH, Circuit Judges

**BY THE COURT:**

Duncan J. McNeil, a Washington state prisoner appearing pro se, has filed a motion for relief

from "three strikes" designation, a motion for leave to proceed in forma pauperis (IFP), and a

petition for a writ of mandamus.  McNeil argues that he should be allowed to proceed without

payment of fees, and that the "three strikes" provision of 28 U.S.C. § 1915(g) does not apply to him,

because (1) the district court already granted him IFP status on December 6, 2005, and this order is

entitled to full faith and credit; (2) the "three strikes" determination was not properly before the

district court because it was not raised by the opposing party and because he was not given the

opportunity to be heard; and (3) he actually has no prior strikes. McNeil also alleges that he is under imminent danger of serious physical injury but fails to specify how.

Under 28 U.S.C. § 1915(g), a prisoner who has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury," may not proceed without payment of fees.

We already have declared McNeil to be a "three-striker" for all future litigation, and we have confirmed that designation on several occasions. See McNeil v. United States, No. 05-15618; McNeil v. United States, No. 05-16148; McNeil v. United States, 05-16696; In re McNeil, No. 06-10247. We conclude that McNeil has failed to show that he is entitled to relief from this designation. First, McNeil's allegation that the district court granted him IFP status on December 6, 2005, is contradicted by the record, which demonstrates that the court required McNeil to pay the filing fee under the partial payment plan of 28 U.S.C. § 1915(b). Second, McNeil's claim that the "three strikes" determination was not properly before the court because it was not raised by the opposing party is contrary to the plain language of § 1915(g),which does not require that the issue be raised by an opposing party. See 28 U.S.C. § 1915(g). Moreover, like any other determination related to the payment of fees, the determination of whether someone has "three strikes" has nothing to do with the opposing party. Finally, McNeil's claim that he has no strikes is erroneous. A review of McNeil's previous filings in the Eastern District of Washington indicates that at least three of McNeil's civil rights complaints filed in that district were dismissed as frivolous: (1) McNeil v. Whaley, Civil Action No. 2:04-cv-00371-AAM; (2) McNeil v. Gregoire, Civil Action

2

No. 2:04-cv-00372-AAM; (3) <u>McNeil v. Miller</u>, Civil Action No. 2:04-cv-00378-AAM.

Accordingly, because McNeil has failed to demonstrate that the "three strikes" provision of 28

U.S.C. § 1915(g) is inapplicable to him, his motion for relief from "three strikes" designation is

**DENIED.**

Furthermore, because McNeil has "three strikes" and has not alleged sufficiently that he

qualifies under the imminent-danger exception to § 1915(g), the Court will dismiss his mandamus

petition without further notice unless he pays the full filing fee within 14 days of the date of this

order. <u>See</u> 28 U.S.C. § 1915(g).